IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 08-28743 |
| Nancy Jean Serwin, | ) | Judge Bruce W. Black |
| | ) | Chapter 11 |
| debtor/debtor-in-possession. | ) | |

**ORDER CONFIRMING DEBTOR'S**
**FIRST AMENDED PLAN OF REORGANIZATION**

At Chicago, Illinois in said Division and District before the Honorable Bruce W. Black

The First Amended Plan of Reorganization ("Plan") under Chapter 11 of the United States Bankruptcy Code and the First Amended Disclosure Statement ("Disclosure Statement") in support of that Plan having been filed by the debtor/debtor-in-possession, Nancy Jean Serwin ("Debtor"), with the Court on November 23, 2009 and transmitted to creditors on November 24, 2009;

It having been determined after hearing on notice that the requirements for confirmation as set forth in 11 U.S.C. §1129 have been satisfied;

IT IS FURTHER ORDERED that the Plan filed by the Debtor is confirmed, as amended.

IT IS FURTHER ORDERED that any claims against Don Barnes and any other professionals are expressly reserved by the Debtor and not included in the Liquidating Trust assets;

IT IS FURTHER ORDERED that the Liquidating Trust Agreement attached hereto shall govern the relationship between the Debtor and Gregg Szilagyi, of Tailwind Services, Inc., the Liquidating Trustee ("Trustee") for purposes of the Plan;

PURSUANT TO THE AGREEMENT
I~~T IS FURTHER ORDERED~~ that the Trustee shall be compensated at the rate of $450.00 per hour; and

IT IS FURTHER ORDERED that the Debtor be and is hereby directed to send a Notice of Confirmation of the Plan to all known creditors and parties in interest.

BY THE COURT:

Bruce W. Black

U. S. Bankruptcy Judge
3/11/2010

**DEBTOR'S COUNSEL**:
Scott R. Clar, Esq.
(Atty. No. 06183741)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
(312) 641-6777
\mjo2\serwin\Confirmation.Ord.wpd

# LIQUIDATING TRUST AGREEMENT

This AGREEMENT AND DECLARATION OF TRUST (this "*Agreement*") is entered into and shall be effective as of the [__] day of February, 2010, by and between Nancy Jean Serwin (the "*Debtor*") and Gregg Szilagyi of Tailwind Services LLC, as trustee (the "*Liquidating Trustee*"), for the benefit of the Beneficiaries (as defined herein) of the liquidating trust established pursuant to this Agreement (the "*Liquidating Trust*").

## PRELIMINARY STATEMENT

WHEREAS, on October 24, 2008, the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Northern District of Illinois (the "*Bankruptcy Court*"), Case No. 08-28743.

WHEREAS, the Debtor's First Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code (as such Plan may be amended from time to time, the "*Plan*") was filed with Bankruptcy Court on or about November 23, 2009.

WHEREAS, the Plan was confirmed by order of the Bankruptcy Court entered February [__], 2010 (the "*Confirmation Order*").

WHEREAS, the Plan provides for certain of the Debtor's property and assets, as more fully described in the Plan and the Confirmation Order, to be transferred to the Liquidating Trust on the Effective Date of the Plan, and for the Liquidating Trust to hold, administer, liquidate and distribute those assets and property in accordance with the Plan and the Confirmation Order.

WHEREAS, the Liquidating Trust is established for the sole purpose of liquidating the Trust Assets (as defined below) (in a manner which maximizes the value of such assets) for the benefit of the Beneficiaries, in accordance with Treasury Regulation Section 301.7701-4(d), with no objective or authority to continue or engage in the conduct of a trade or business.

WHEREAS, the Liquidating Trust is intended to qualify as a liquidating trust for federal income tax purposes pursuant to Treasury Regulations Section 301.7701-4(d), and as a "grantor trust" for federal income tax purposes pursuant to Sections 671 through 679 of the Internal Revenue Code.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the Debtor and the Liquidating Trustee agree as follows:

## Section 1.
## ESTABLISHMENT OF THE LIQUIDATING TRUST

### 1.1 Definitions.

The terms used in this Agreement shall, unless otherwise noted or the context otherwise requires, have the meanings assigned to them below. Capitalized terms used but not defined in this Agreement shall have the meanings assigned to them in the Plan, attached hereto as Exhibit A and the Confirmation Order attached hereto as Exhibit B. The definitions shall apply equally to both the singular and the plural forms of the terms defined. Whenever the context may require, any pronoun shall include the corresponding masculine, feminine and neuter forms. The words "include," "includes" and "including" shall be deemed to be followed by the phrase "without limitation."

(a) "*Affiliate*" means, with respect to any Person (i) any Person directly or indirectly controlling, controlled by or under common control with such Person, (ii) any officer, director, manager or trustee of such Person or (iii) any Person who is an officer, director, member or trustee of any Person described in clauses (i) or (ii) of this sentence. For purposes of this definition, the terms "controlling," "controlled by" or "under common control with" shall mean the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a Person or Entity, whether through the ownership of voting securities, by contract or otherwise, or the power to elect at least fifty percent (50%) of the directors, managers, or persons exercising similar authority with respect to such Person or entities.

(b) "*Agreement*" shall mean this Liquidating Trust Agreement.

(c) "*Bankruptcy Court*" shall have the meaning ascribed to such term in the Preliminary Statement.

(d) "*Beneficiary*" shall mean each holder of an Allowed Class 2 Claim.

(e) "*Confirmation Order*" shall have the meaning ascribed to such term in the Preliminary Statement.

(f) "*Debtor*" shall mean Nancy Jean Serwin.

(g) "*Disputed Claims Reserve*" shall have the meaning ascribed to such term in Section 3.2(a) of this Agreement.

(h) "*Distribution Reserve Account*" shall have the meaning ascribed to such term in Section 3.1 of this Agreement.

(i) "*Expense Reserve Account*" shall have the meaning ascribed to such term in Section 3.4 of this Agreement.

(j) "*Initial Period*" shall have the meaning ascribed to such term in Section 1.6(b) of this Agreement.

(k) "*Internal Revenue Code*" shall mean the United States Internal Revenue Code of 1986, as amended from time to time.

(l) "*Liquidating Trust*" shall mean the trust established pursuant to this Agreement.

(m) "*Liquidating Trustee*" shall have the meaning ascribed to such term in the preamble to this Agreement.

(n) "*Mexican Properties Expenses*" shall have the meaning ascribed to such term in Section 1.6(a) of this Agreement.

(o) "*Person*" shall mean any individual, company (whether general or limited), limited liability company, corporation, trust, estate, association, nominee, governmental unit or other entity.

(p) "*Treasury Regulations*" shall mean the regulations, including temporary regulations, promulgated under the Internal Revenue Code, as such regulations are amended from time to time.

(q) "*Trust Assets*" shall have the meaning ascribed to such term in Section 1.4 of this Agreement.

(r) "*Unclaimed Distribution Reserve*" shall have the meaning ascribed to such term in Section 3.3(a) of this Agreement.

**1.2 Declaration of Trust.**

Pursuant to the Plan and the Confirmation Order, the Debtor and the Liquidating Trustee hereby establish on behalf of the Beneficiaries, the Liquidating Trust, and the Debtor hereby irrevocably transfers, assigns, and delivers to the Liquidating Trustee, in trust, all of its right, title, and interest in the Trust Assets, free and clear of any Lien, Claim or interest in such Property of any other Person or entity except as provided in the Plan. The Liquidating Trustee agrees to accept and hold the Trust Assets in trust for the Beneficiaries, subject to the terms of this Agreement and the Plan.

**1.3 Name.**

The name of the Liquidating Trust shall be the NJS Liquidating Trust.

**1.4 Purposes.**

The purpose of the Liquidating Trust is to liquidate (a) the Bankruptcy Claims, (b) the Contributed Assets, and (c) the Debtor's beneficial interests in the land trust or trusts holding the Mexican Properties (collectively, the "*Trust Assets*"), in a manner which maximizes the value

of such assets for the benefit of the Beneficiaries, consistent with the Plan and Confirmation Order, with no objective or authority to continue or engage in the conduct of a trade or business (except as provided in Section 2.3(g) hereof). To that end, the Liquidating Trust shall be empowered to (i) hold, administer, liquidate and distribute the property and assets transferred to the Liquidating Trust by the Debtor, (ii) pursue the Bankruptcy Claims transferred by the Debtor to the Liquidating Trust, (iii) dispute and resolve proofs of claim asserted against the Debtor and her estate, and (iv) engage in any and all activities reasonably necessary or incidental to the purposes set forth in clauses (i) through (iii). It is intended that the Liquidating Trust be classified for federal income tax purposes as a "liquidating trust" within the meaning of Treasury Regulations Section 301.7701-4(d). In furtherance of this objective, the Liquidating Trustee shall, in its business judgment, make continuing best efforts to dispose of the Liquidating Trust's Assets, make timely distributions and not unduly prolong the duration of the Liquidating Trust, in accordance with this Agreement.

**1.5 Trust Assets, Funding.**

(a) On the Effective Date, the Debtor shall be deemed to have irrevocably transferred and assigned the Trust Assets to the Liquidating Trust, pursuant to the terms of this Agreement and the for purposes of (i) an initial distribution to the holders of Class 2 Claims; and (ii) an expense reserve for administration of the Liquidating Trust. The Debtor shall take such actions and execute such documents as may be reasonably necessary to effect the transfer of the Trust Assets to the Liquidating Trust and the subsequent sale or disposition of such Trust Assets.

(b) On the Effective Date, the Liquidating Trustee shall become the appointed representative of the Debtor's estate in accordance with Bankruptcy Code Section 1123(b)(3), and shall have and perform all of the duties, responsibilities, rights and obligations set forth in this Agreement and the Plan. The Bankruptcy Claims shall be retained, prosecuted and enforced by the Liquidating Trustee pursuant to Section 1123(b)(3)(B).

(c) The Liquidating Trustee may use the Cash and any proceeds of Trust Assets liquidated pursuant to this Agreement (except for the MBHI Shares) to satisfy the administrative expenses of the Liquidating Trust, including, without limitation, the fees and expenses of the Liquidating Trustee.

(d) Pursuant to Section 5.7 of the Plan, the Debtor may, at her own expense, obtain an independent, third party market value appraisal of the Contributed Assets before the Effective Date. If Debtor does obtain such an appraisal, the Liquidating Trustee shall not be permitted to sell such Contributed Assets for less than 75% of the appraised value without the Debtor's and the Other Trust Beneficiaries' express written consent. If the Debtor does not obtain a third party market value appraisal of the Contributed Assets before the Effective Date, this provision shall be deemed waived.

(e) In accordance with Section 5.6 of the Plan, as part of the initial distribution made by the Liquidating Trustee to the Beneficiaries, the Other Trust Beneficiaries shall receive, in lieu of cash, the MBHI Shares contributed by the Debtor to the Liquidating Trust

as part of their ratable share of such initial distribution based upon the market price of the MBHI Shares on the date of the distribution.

(f) Except as otherwise provided in the Plan, nothing shall prejudice the Debtor's and the Liquidating Trustee's rights and defenses, both legal and equitable, with respect to any Claims, including, but not limited to, all rights of setoffs or recoupment with respect to such Claims.

**1.6 Special Provisions Governing Mexican Properties**

(a) On the Confirmation Date, the Debtor shall be deemed to have transferred and assigned her beneficial interests in the land trust or trusts holding the Mexican Properties to the Liquidating Trust. The Debtor shall take such actions and execute such documents as may be reasonably necessary to effect the transfer of the Mexican Properties to the Liquidating Trust and the subsequent sale or disposition of such Mexican Properties. Any rents or other proceeds collected from the Mexican Properties received by the Liquidating Trust from the lease of the Mexican Properties shall be used to satisfy the ongoing tax and maintenance expenses associated with the Mexican Properties (the "*Mexican Properties Expenses*") and/or held in escrow for prospective Mexican Properties Expenses. Any bank accounts associated with the Mexican Properties shall be deemed transferred and assigned to the Liquidating Trust on the Confirmation Date.

(b) For the nine (9) month period following the Effective Date (the "*Initial Period*"), and provided that the Debtor is not in default of her obligations under either the Liquidating Trust or the Plan, the Debtor shall have the sole and exclusive power to direct the Liquidating Trustee regarding all aspects of the sale of the Mexican Properties, including the list price for such properties. The Debtor shall be liable for any unpaid Mexican Properties Expenses during the Initial Period and shall, to the extent necessary, reimburse and/or indemnify the Liquidating Trust for any such expenses.

(c) If the Mexican Properties are not under contract for sale within the first six (6) months of the Initial Period, the Liquidating Trustee shall reduce the list price for Casa Magna to $3,500,000 and the list price for the Adjoining Lot to $750,000.

(d) Upon expiration of the Initial Period, or upon a termination of the Initial Period caused by a default by the debtor under this Agreement or the Plan (including, without limitation, Sections 1.5(a) and 1.6(a) hereof), the Debtor shall no longer have any power to direct the Liquidating Trustee regarding any aspect of the sale of the Mexican Properties. The Liquidating Trustee shall then be authorized to use his discretion in order to effect a sale of the Mexican Properties in a reasonable and expeditious manner, <u>provided</u>, <u>however</u>, that any sale of the Mexican Properties by the Liquidating Trustee within the first six (6) months after the expiration or termination of the Initial Period for an aggregate purchase price of $2.75 million or less shall require the Debtor's written approval.

(e) Any proceeds from the sale of Casa Magna and/or the Adjoining Lot, net of any broker commission, closing related expenses and any unpaid Mexican Properties Expenses, shall be disbursed as follows: (i) first, for the payment of any administrative expenses

of the Liquidating Trust; (ii) second, for the payment of Allowed Class 2 Claims, plus interest at the legal rate; and (iii) third, for distribution to the Debtor.

### 1.7 Incidents of Ownership; No Reversion.

The Beneficiaries shall be the sole beneficiaries of the Liquidating Trust and the Liquidating Trustee shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized herein. In no event shall any part of the Trust Assets revert to or be distributed to the Debtor or any person or persons other than the Beneficiaries.

## Section 2.
## LIQUIDATING TRUSTEE

### 2.1 Liquidating Trustee.

(a) The Liquidating Trustee's powers are exercisable solely in a capacity consistent with, and in furtherance of, the purpose of this Liquidating Trust and not otherwise, except as otherwise permitted under this Agreement.

(b) The Liquidating Trustee shall be the disbursing agent charged with making the payments required under the Plan.

(c) The Liquidating Trustee shall perform all duties as a Liquidating Trustee in good faith, in a manner the Liquidating Trustee reasonably believes to be in the best interest of the Liquidating Trust, and with such care as an ordinarily prudent person in a like position would use under similar circumstances. A person who so performs such duties shall not have any liability to any Beneficiary or other entity by reason of being or having been a Liquidating Trustee of the Liquidating Trust; provided, however, that the Liquidating Trustee shall be liable for the performance of such duties and obligations as are specifically set forth in this Agreement.

(d) The Liquidating Trustee shall have the power to delegate authority to such consultants, professionals, employees, agents and representatives of the Liquidating Trust as it may from time to time deem appropriate, including, without limitation, delegating authority to other employees of Tailwind Services LLC.

(e) The Liquidating Trustee shall not be liable under a judgment, decree or order of court, or in any other manner, for any debt, obligation, or liability of the Liquidating Trust; and neither the Beneficiaries, the Liquidating Trust, its employees, professionals nor the Liquidating Trustee shall be obligated personally for any such debt, obligation, or liability of the Liquidating Trust solely be reason of being a Beneficiary of, or acting as a Liquidating Trustee of, the Liquidating Trust.

(f) The Liquidating Trustee may be replaced by vote of 67% of holders of unpaid Beneficiaries by amount. The Beneficiaries shall not otherwise have the right to remove or replace the Liquidating Trustee.

### 2.2 Powers of the Liquidating Trustee.

(a) On and after the Effective Date, except as otherwise provided in this Agreement or the Plan, all powers to control and manage the business and affairs of the Liquidating Trust shall be exclusively vested in the Liquidating Trustee (including all of the rights and powers of a trustee appointed under the Bankruptcy Code). The Liquidating Trustee may exercise all powers of the Liquidating Trust and do all such lawful acts that are not by law, the Plan or this Agreement directed or required to be exercised or done by the Beneficiaries and in so doing shall have the right and authority to take all actions which the Liquidating Trustee deems – in his prudent and sound business judgment – necessary, useful or appropriate for the management and conduct of the business and affairs of the Liquidating Trust, including, but not limited to, exercising the rights and powers to:

(i) To receive, control, manage and dispose of all Trust Assets for the benefit of holders of Allowed Class 2 Claims who may receive distributions under the Plan;

(ii) To act as custodian of the Trust Assets and liquidating and reducing such assets to Cash at such time as the Liquidating Trustee deems appropriate to accomplish the purpose of the Liquidating Trust, in accordance with the terms of the Plan and this Agreement;

(iii) Calculate and make all distributions of Cash or other assets required or permitted to be made under the Plan, this Agreement and/or orders of the Bankruptcy Court;

(iv) Subject to the provisions of the Plan and this Agreement, to establish, fund, and/or administer one or more bank accounts to maintain all Available Cash;

(v) To employ, supervise and compensate attorneys, accountants, and other professionals or other persons retained to represent the interests of and serve on behalf of the Liquidating Trust and waive any conflicts of interest as deemed necessary or appropriate in its discretion;

(vi) To file such tax returns as may be required by federal, state or local taxing authorities and consistent with the treatment of the Liquidating Trust as a grantor trust for federal income tax purposes;

(vii) Subject to the provisions of the Plan and this Agreement, to object to or seek to recharacterize, reclassify or subordinate Claims filed against any of the Debtor or its Estate on any basis, and pursuant to Bankruptcy Rule 9019(b) and §105(a), to compromise and settle any such Claims including Disputed Claims, at any time in his prudent business judgment, upon the advice of counsel and other retained advisors, if any, without notice or approval by the Bankruptcy Court or any other party, it being the express intent of this provision to allow the Liquidating Trustee to compromise, settle or otherwise resolve Claims without supervision of the Bankruptcy Court and in such a manner as if there were no pending cases under any chapter of the Bankruptcy Code;

(viii) To prosecute, settle, dismiss, abandon or otherwise dispose of the Bankruptcy Claims, in accordance with Bankruptcy Code Section 1123(b)(3)(B);

(ix) To pay all expenses and make other necessary payments relating to the Trust Assets;

(x) To perform any and all acts necessary or appropriate for the conservation and protection of the Trust Assets;

(xi) To file and prosecute such motions, applications or other pleadings in the Bankruptcy Court or other appropriate forum, and exercise all other powers and rights, and take all other actions necessary or appropriate to implement the Plan.

**2.3 Limitations on the Liquidating Trustee.**

Notwithstanding anything in this Agreement to the contrary, the Liquidating Trustee shall not do or undertake any of the following:

(a) Take any action in contravention of this Agreement, the Plan, or the Confirmation Order;

(b) Grant liens on any of the Trust Assets except for the Bell Trust;

(c) Guarantee any debt;

(d) Loan the Trust Assets;

(e) Purchase the Trust Assets from the Liquidating Trust;

(f) Transfer the Trust Assets to another trust; or

(g) Use Trust Assets to invest in, continue or participate in the operation of any business or other investment enterprise except upon the approval of the holders of at least 67% of holders of unpaid Beneficiaries by amount.

Notwithstanding any other authority granted by Section 2.2, the Liquidating Trustee is not authorized to engage in any investments or activities inconsistent with the treatment of the Liquidating Trust as a liquidating trust within the meaning of Treasury Regulation Sections 301.7701-4(d).

**2.4 Duties and Obligations of the Liquidating Trustee.**

(a) The Liquidating Trustee shall cause the Liquidating Trust to conduct its operations separate and apart from those of any Beneficiary or its Affiliates, including, without limitation, (i) segregating Trust assets and not allowing funds or other assets of the Liquidating Trust to be commingled with the funds or other assets of, held by, or registered in the name of, any Beneficiary or its Affiliates, (ii) maintaining books and financial records of the Liquidating Trust separate from the books and financial records of any Beneficiary or its Affiliates, and observing all Liquidating Trust procedures and formalities, (iii) causing the Liquidating Trust to pay its liabilities from assets of the Liquidating Trust, (iv) filing tax returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a),

provided that the Liquidating Trustee shall also file any other statements, returns or disclosures relating to the Liquidating Trust that are required by any governmental entity, and (v) causing the Liquidating Trust to conduct its dealings with third parties in its own name and as a separate and independent entity.

(b) The Liquidating Trustee shall take all actions which may be necessary or appropriate (i) for the continuation of the Liquidating Trust's valid existence as a trust under the laws of the State of Illinois and of each other jurisdiction in which such existence is necessary to protect the limited liability of the Beneficiaries or to enable the Liquidating Trust to conduct the activities in which it is engaged and (ii) for the accomplishment of the Liquidating Trust's purposes in accordance with the provisions of this Agreement, the Plan and applicable laws and regulations.

(c) The Liquidating Trustee shall be under a duty to conduct the affairs of the Liquidating Trust in the best interests of the Liquidating Trust and of the Beneficiaries, including the safekeeping and use of all of Liquidating Trust funds and assets and the use thereof for the exclusive benefit of the Liquidating Trust.

**2.5 Exculpation and Indemnification of the Liquidating Trustee and Beneficiaries.**

(a) Unless otherwise provided in Section 2.5(d), the Liquidating Trustee and his present or former members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers or agents in their capacities as such and any of such parties' successors and assigns (all such parties collectively, the "*Affiliated Parties*" of the Liquidating Trustee), shall not have or incur, and are hereby released from, any claim, obligation, cause of action, or liability, to one another or to any Beneficiary, or any other party in interest, or any of their respective successors and assigns, for any act or omission in connection with, relating to or arising out of any act to be performed or omitted to be performed by the Liquidating Trustee, any Beneficiary or any of their respective Affiliated Parties in connection with the business and affairs of the Liquidating Trust, and the Liquidating Trust, its receiver, or its trustee shall indemnify, save harmless, and pay all judgments and claims against the Liquidating Trustee, his Affiliated Parties relating to any liability or damage incurred by reason of any act performed or omitted to be performed by the Liquidating Trustee, or his respective Affiliated Parties in connection with the business and affairs of the Liquidating Trust, including reasonable attorneys' fees incurred by the Liquidating Trustee, or his respective Affiliated Parties in connection with the defense of any action based on any such act or omission, which attorneys' fees may be paid as incurred.

(b) Unless otherwise provided in Section 2.5(d), in the event of any action by a Beneficiary against the Liquidating Trustee, or any of his Affiliated Parties, including a Liquidating Trust derivative suit, the Liquidating Trust shall indemnify, save harmless, and pay all expenses of such Liquidating Trustee, or Affiliated Party, including reasonable attorneys' fees incurred in the defense of such action.

(c) Unless otherwise provided in Section 2.5(d), the Liquidating Trust shall indemnify, save harmless, and pay all expenses, costs, or liabilities of the Liquidating

Trustee or any of its Affiliated Parties, if for the benefit of the Liquidating Trust and in accordance with this Agreement said Liquidating Trustee or Affiliated Party makes any deposit or makes any other similar payment or assumes any obligation in connection with any property proposed to be acquired by the Liquidating Trust and suffers any financial loss as a result of such action.

(d) Notwithstanding the provisions of Sections 2.5(a) - (c) above, such Sections shall be enforced only to the maximum extent permitted by law, and the Liquidating Trustee or any of its Affiliated Parties shall not be exculpated or indemnified from any liability for the fraud, willful misconduct, gross negligence, bad faith or knowing violation of the law which was material to the cause of action, or to the extent that he or she personally gained in fact a financial profit or other advantage to which he or she was not legally entitled.

(e) The Liquidating Trustee may rely, and shall be fully protected in acting or refraining from acting, on any resolution, statement, certificate, instrument, opinion, report, notice, request, consent, order, or other instrument or document than the Liquidating Trustee has no reason to believe to be other than genuine and to have been signed or presented by the proper party or parties or, in the case of facsimiles, to have been sent by the proper party or parties, and the Liquidating Trustee may conclusively rely as to the truth of the statements and correctness of the opinions expressed therein. The Liquidating Trustee may consult with counsel, and any opinion of counsel shall be full and complete authorization and protection in respect of any action taken or not taken by the Liquidating Trustee in accordance therewith. The Liquidating Trustee shall have the right at any time to seek instructions from the Bankruptcy Court or any other court of competent jurisdiction concerning the Trust Assets, this Agreement, the Plan, or any other document executed in connection therewith, and any such instructions given shall be full and complete authorization in respect of any action taken or not taken by the Liquidating Trustee in accordance therewith.

**2.6 Retention and Compensation of the Liquidating Trustee.**

On the Effective Date, the Liquidating Trust shall be deemed to have retained the Liquidating Trustee. The terms of compensation are set forth in the schedule, attached hereto as Exhibit C. Any successor to the Liquidating Trustee shall also be entitled to reasonable compensation in connection with the performance of its duties plus the reimbursement of reasonable out-of-pocket expenses. Any subsequent modification in the compensation and terms of employment of any subsequent Liquidating Trustee shall be made by the Liquidating Trustee, upon prior written notice to the Beneficiaries, and will only become effective upon the approval of the holders of at least 50% unpaid Allowed Class 2 Claims by amount.

**2.7 Bond.**

Notwithstanding any state law to the contrary, the Liquidating Trustee shall serve the Liquidating Trust without bond.

**2.8 Resignation.**

The Liquidating Trustee may resign as Liquidating Trustee of the Liquidating Trust by an instrument of writing delivered to the Beneficiaries at least ninety (90) days before

the proposed effective date of resignation but shall not resign unless a successor Liquidating Trustee has been appointed as provided in Section 2.9 hereof.

**2.9 Appointment of Successor Liquidating Trustee.**

In the event of a vacancy by reason of the removal of the Liquidating Trustee pursuant to Section 2.1(f) or prospective vacancy by resignation, a successor Liquidating Trustee shall be appointed by the affirmative vote of the holders of a majority of unpaid Allowed Class 2 Claims. Such votes shall be solicited by counsel to the Liquidating Trustee. A successor Liquidating Trustee shall execute, acknowledge, and deliver to the Liquidating Trust, the outgoing Liquidating Trustee, and file with the Bankruptcy Court, an instrument accepting such appointment subject to the terms and provisions of this Agreement. The successor Liquidating Trustee, without any further act, deed or conveyance shall become vested with all the rights, powers, trusts and duties of the outgoing Liquidating Trustee, except that the successor Liquidating Trustee shall not be liable for the acts or omissions of the outgoing Liquidating Trustee. In no event shall the outgoing Liquidating Trustee be liable for the acts or omissions of the successor Liquidating Trustee.

**2.10 Trust Continuance.**

The death, resignation or removal of the Liquidating Trustee shall not terminate the Liquidating Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Liquidating Trustee. In the event that a successor Liquidating Trustee is not appointed within twenty (20) business days of when required under this Agreement, the Bankruptcy Court shall appoint a successor Liquidating Trustee.

**2.11 Confidentiality**

The Liquidating Trustee shall, during the period that it serves as Liquidating Trustee under this Agreement and for a period of twelve (12) months following the termination of this Agreement or following its removal or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Trust Assets relates or of which it has become aware in its capacity as Liquidating Trustee.

**Section 3.**

**3.1 Distribution Reserve Account.**

The Liquidating Trustee may establish the "*Distribution Reserve Account*," in which the Liquidating Trustee shall deposit (i) all Cash, Cash equivalents and Cash proceeds received from the Debtor on the Effective Date and (ii) the Cash proceeds received by the Liquidating Trustee thereafter from, among other things, liquidation of non-Cash assets and the prosecution of the Bankruptcy Claims and causes of action of the Debtor. The Liquidating Trustee shall (i) administer the Distribution Reserve Account, (ii) transfer funds between the Distribution Reserve Account and the Expenses Reserve Account and/or the Unclaimed Distributions Reserve, and (iii) make distributions for the Distribution Reserve Account, in each case as provided in Plan (or as soon thereafter as is practical after sufficient monies are received

to enable the Liquidating Trust to make such payments). The Liquidating Trustee may maintain the Distribution Reserve Account as a book-keeping entry, rather than as a separate account.

**3.2 Disputed Claims Reserve.**

(a) The Liquidating Trustee may set aside, segregate and hold in the benefit of holders of Disputed Claims, for the payment of what the Liquidating Trustee, in his reasonable business judgment and upon advice of counsel, believes will be the ultimate Allowed dollar amount of such Disputed Claims (the "*Disputed Claims Reserve*"). The Liquidating Trustee may maintain the Disputed Claims Reserve as a book-keeping entry, rather than as a separate account.

(b) Payments and distributions from the Disputed Claims Reserve to each holder of a Disputed Claim, to the extent that the Disputed Claim ultimately becomes an Allowed Class 2 Claim, will be made in accordance with the provisions of the Plan that govern distributions to such holders. The Liquidating Trustee will distribute from time to time to the holders of such Disputed Claims any Cash and other property in the Disputed Claims Reserve that would have been distributed on the Effective Date had such Allowed Class 2 Claim been an Allowed Class 2 Claim on the Effective Date, increased by such holder's shares of any earnings attributable to the investment of such Cash during the time it was held in the Disputed Claims Reserve Trust, and decreased by any taxes paid or payable on such portion of the Disputed Claims Reserve.

(c) The Liquidating Trustee will add to the Disputed Claims Reserve (i) any dividends, payments or other distributions made on account of, as well as any obligations arising from, the property held in the Disputed Claims Reserve, to the extent that such property continues to be held in the Disputed Claims Reserve at the time such distributions are made or such obligations arise; and (ii) any Cash realized from, among other things, the investment of Cash and the liquidation of non-Cash assets held in the Disputed Claims Trust. If practicable, the Liquidating Trustee will invest any Cash that is held in the Disputed Claims Reserve in accordance with Section 3.5 hereof. Nothing in this Agreement will be deemed to entitle the holder of a Disputed Claim to post-petition interest on such Claim.

(d) To the extent a Disputed Priority Claim is disallowed, the amount of Cash or property reserved for that Claim, increased by any earnings attributable to investment of such Cash during the time it was held in the Disputed Claims Reserve and decreased by any taxes paid or payable on the portion of the Disputed Claims Reserve reserved for the disallowed Disputed Priority Claim, will be transferred to the Distribution Reserve Account.

**3.3 Unclaimed Distributions Reserve.**

(a) The Liquidating Trustee may establish an unclaimed distributions reserve (the "*Unclaimed Distribution Reserve*") to hold funds that were returned as unclaimed or undeliverable to the holder of the Claim. The Liquidating Trustee shall hold such Cash in the Unclaimed Distributions Reserve for the benefit of such holder, unless otherwise ordered by the Bankruptcy Court, until the earlier of six (6) months after such unclaimed distribution was made

or the Termination Date. The Liquidating Trustee may maintain the Unclaimed Distributions Reserve as a book-keeping entry, rather than as a separate account.

(b) If the holder of a Claim to whom an unclaimed distribution was payable makes a claim to the Liquidating Trustee within the period specified in Section 3.3(a), the Liquidating Trustee shall pay the holder from the Unclaimed Distributions Reserve upon presentation by the holder of proper proof of its entitlement thereto. If the holder does not make claim to the Liquidating Trustee by the expiration of such period, the holder shall forfeit all rights to payment, and the funds relating to such Claim shall be transferred to the Distribution Account.

**3.4 Expense Reserve Account.**

The Liquidating Trust may establish an "*Expense Reserve Account.*" If established, the Liquidating Trust shall deposit in the Expense Reserve Account sufficient funds from the Distribution Reserve Account to pay all accrued and projected expense and costs or any administrative expense that may remain or that may be incurred by the Liquidating through the Termination Date.

**3.5 Investment of Monies.**

The investment power of the Liquidating Trustee shall be limited to investments in Cash, money market funds and treasury bills. The scope of permissible investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treasury Regulation Section 301.7701-4(d), may be permitted to invest in, pursuant to the Treasury Regulation, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

## Section 4.
## DISTRIBUTIONS

**4.1 Timing and Amount of Distributions.**

The Liquidating Trustee shall be entitled to make interim and final distributions to the Beneficiaries at such times and in such amounts as provided in the Plan, the Confirmation Order, or further order of the Bankruptcy Court. Cash shall be disbursed by the Liquidating Trust as follows:

(a) First, for the payment of any administrative expenses of the Liquidating Trust;

(b) Second, for the payment of Allowed Class 2 Claims, plus interest at the legal rate; and

(c) Third, for distribution to the Debtor.

**4.2 Limitations on Distributions.**

(a) The Liquidating Trust shall make no distributions to the Beneficiaries except as provided in this Agreement, the Plan, or further order of the Bankruptcy Court.

(b) Any holder of an Allowed Class 2 Claim that elects to pursue satisfaction of its Claim, in whole or in part, from any third party, including any insurance carrier, shall have its Allowed Class 2 Claim reduced by the amount of any recovery therefrom.

### 4.3 Withholding on Distributions.

(a) All amounts withheld pursuant to the Internal Revenue Code, the Treasury Regulations or any provision of any state, local or foreign tax law with respect to any payment, distribution or allocation to the Liquidating Trust or the Beneficiaries shall be treated as amounts paid or distributed, as the case may be, to the Beneficiaries with respect to which such amount was withheld pursuant to this Section 4.3 for all purposes under this Agreement. The Liquidating Trust is authorized to withhold from payments and distributions, or with respect to allocations to the Beneficiaries, and to pay over to any federal, state and local government or any foreign government, any amounts required to be so withheld pursuant to the Internal Revenue Code or any provisions of any other federal, state or local law or any foreign law, and shall allocate any such amounts to the Beneficiaries with respect to which such amount was withheld.

(b) As a condition to making any distribution under this Agreement and the Plan, the Liquidating Trust may require that the holder of any Allowed Class 2 Claim provide such holder's taxpayer identification number and such other certification as may be deemed necessary to comply with applicable tax reporting and withholding laws. Proceeds that would have been distributed to Beneficiaries that do not provide the information requested by the Liquidating Trust shall be treated as unclaimed distributions subject to Section 3.3 hereof.

## Section 5.
## ROLE OF BENEFICIARIES

### 5.1 No Beneficiary Voting Rights.

Except as otherwise specifically provided for herein, no Beneficiary shall have the right to vote. All decision-making authority with respect to the Liquidating Trust shall be vested in the Liquidating Trustee.

### 5.2 Beneficiary Liability.

No Beneficiary shall be liable under a judgment, decree or order of a court, or in any other manner for the debts, obligations, or liabilities of the Liquidating Trust.

### 5.3 Transactions Between a Beneficiary and the Liquidating Trust.

Except as otherwise provided by applicable law, any Beneficiary may, but shall not be obligated to, lend money to the Liquidating Trust, act as surety for the Liquidating Trust and transact other business with the Liquidating Trust and has the same rights and obligations

when transacting business with the Liquidating Trust as a person or entity who is not a Beneficiary. A Beneficiary, any Affiliate thereof of an employee, stockholder, agent, director or officer of a Beneficiary or any Affiliate thereof, may also be an employee or be retained as an agent of the Liquidating Trust. The existence of these relationships and acting in such capacities will not result in the Beneficiary being deemed to participate in the control of the business of the Liquidating Trust or otherwise affect the limited liability of the Beneficiary.

## Section 6.
## ACCOUNTING, BOOKS AND RECORDS

### 6.1 Accounting, Books and Records.

(a) The Liquidating Trust shall keep on site at its principal place of business separate books of account for the Liquidating Trust, which shall show a true and accurate record of all costs and expenses incurred, all charges made, all credits made and received, and all income derived in connection with the conduct of the Liquidating Trust and the operation of the business in accordance with this Agreement.

(b) The Liquidating Trustee shall select a method of accounting for preparation of the Liquidating Trust's financial reports and for tax purposes and shall keep its tax preparation books and records accordingly. Any Beneficiary or its designated representative has the right to have reasonable access to inspect the contents of such tax preparation books or records, subject to compliance with safety, security and confidentiality procedures, and guidelines imposed by the Liquidating Trust.

### 6.2 Tax Information.

Necessary tax information shall be delivered to each Beneficiary as soon as practicable after the end of each fiscal year of the Liquidating Trust.

### 6.3 Tax Reporting.

(a) Consistent with Revenue Procedure 94-45, 1994-28 I.R.B. 124, the Liquidating Trust shall be treated as a liquidating trust pursuant to Treasury Regulations Section 301.7701-4(d) and as a grantor trust pursuant to Sections 671-677 of the Internal Revenue Code. As such, the Beneficiaries will be treated as both the grantors and the deemed owners of the Liquidating Trust. Any items of income, deduction and credit loss of the Liquidating Trust shall be allocated, for federal income tax purposes, to the Liquidating Trust.

(b) Tax Returns. In accordance with Treasury Regulation Section 1.671-4(a), the Trustee shall file with the Internal Revenue Service annual tax returns attached to Form 1041. In addition, the Trustee shall file in a timely manner such other tax returns as are required by applicable law and pay any taxes shown as due thereon.

## Section 7.
## AMENDMENTS

### 7.1 Amendments.

(a) Amendments to this Agreement may be proposed by the Liquidating Trustee upon written notice of the Beneficiaries. Except as otherwise provided herein or as provided in Section 7.1(b) hereof, a proposed amendment shall be adopted and be effective as an amendment hereto if it receives approval of the Liquidating Trustee and the absence of a written "no vote" by holders of at least 50% of the unpaid Allowed Class 2 Claims by amount submitted within ten days thereafter.

(b) The Liquidating Trustee may amend this Agreement without the consent or approval of the Beneficiaries:

(i) To preserve the legal status of the Liquidating Trust as a trust under applicable state or federal laws, if such amendment does not materially adversely affect the interests of the Beneficiaries; and

(ii) To satisfy the requirements of the Internal Revenue Code and Treasury Regulations thereunder with respect to liquidating trusts and grantor trusts and of any federal or state securities laws or regulations if such amendment does not materially adversely affect the interests of the Beneficiaries.

**7.2 Limitation on Amendments.**

Notwithstanding anything in this Agreement to the contrary, no amendment to this Agreement shall be inconsistent with the purpose and intention of the Liquidating Trust to liquidate in an expeditious but orderly manner the Liquidating Trust assets in accordance with Treasury Regulation 301.7701-4(d) and Section 1.4 hereof.

## Section 8.
## TERMINATION OF LIQUIDATING TRUST

**8.1 Maximum Term.** The Liquidating Trust shall terminate upon the earliest to occur of the fulfillment of the Liquidating Trust purpose by the liquidation of all of the Trust Assets and the distribution of the proceeds thereof. Notwithstanding the foregoing, every effort should be made by the Liquidating Trustee to accomplish the Liquidating Trust purposes expeditiously and to terminate the Liquidating Trust as soon as reasonably possible.

**8.2 Events Upon Termination.** Upon termination of the Liquidating Trust, the Liquidating Trustee shall pay any unpaid costs and expenses of the Liquidating Trust and distribute the remaining Trust Assets, if any, to the Beneficiaries, in accordance with this Agreement and the Plan.

**8.3 Winding Up and Discharge of Liquidating Trustee.** For the purposes of winding up the affairs of the Liquidating Trust at its termination, the Liquidating Trustee shall continue to act as Liquidating Trustee until his duties have been fully discharged. After doing so, the Liquidating Trustee, his agents and employees shall have no further duties or obligations hereunder, except as required by this Agreement, the Plan or applicable law concerning the termination of a trust. Upon a motion by the Liquidating Trustee, the court may enter an order relieving the Liquidating Trustee, its agents and employees of any further duties, discharging the Liquidating Trustee.

## Section 9.
## MISCELLANEOUS

**9.1 Notices.**

All notices or other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be considered as properly given or made if mailed by first class mail, postage prepaid, to the Liquidating Trustee and its counsel on behalf of the Liquidating Trust, and to the address of each Beneficiary as reflected on the books and records of the Liquidating Trust. Any such notice shall be deemed received by the Liquidating Trustee or Beneficiary five (5) days after the notice is postmarked. Any Beneficiary may change his address by giving notice, in writing, stating his new address to the Liquidating Trust, and the Liquidating Trustee may change his address on the books and records of the Liquidating Trust accordingly.

Gregg Szilagyi
Tailwind Services LLC
[ADDRESS]

With Copy To:

Nathan F. Coco
McDermott Will & Emery LLP
227 W. Monroe Street
Chicago, Illinois 60606-5096

- and -

Scott R. Clar
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street
Suite 3705
Chicago, Illinois 60603

**9.2 Binding Effect.**

Except as otherwise provided in this Agreement, every covenant, term and provision of this Agreement shall be binding upon and inure to the benefit of the Beneficiaries and their respective successors, transferees, and assigns.

**9.3 Construction.**

Every covenant, term, and provision of this Agreement shall be construed according to its fair meaning and not strictly for or against any Beneficiary. To the extent the provisions of this Agreement conflict with the terms and conditions of the Plan, the provisions of this Plan shall govern.

**9.4 Headings.**

Section and other headings contained in this Agreement are for reference purposes only and are not intended to describe, interpret, define, or limit the scope, extent, or intent of this Agreement or any provision hereof.

**9.5 Severability.**

Except as otherwise provided in the succeeding sentence, every provision of this Agreement is intended to be severable, and, if any term or provision of this Agreement is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the validity or legality of the remainder of this Agreement. The preceding sentence shall be of no force or effect if the consequence of enforcing the remainder of this Agreement without such illegal or invalid term or provision would be to cause any Beneficiary to lose the material benefit of its economic bargain.

**9.6 Incorporation by Reference.**

Every exhibit, schedule and other appendix attached to this Agreement and referred to herein is incorporated in this Agreement by reference unless this Agreement expressly otherwise provides.

**9.7 Governing Law/Jurisdiction.**

The substantive and procedural laws of the State of Illinois shall govern the validity of this Agreement, the construction of its terms, and the interpretation of the rights and duties arising hereunder, without reference to any conflict or choice of law rules or principles thereof.

**9.8 Counterpart Execution.**

This Agreement may be executed in any number of counterparts with the same effect as if all of the Beneficiaries had signed the same document. All counterparts shall be construed together and shall constitute one agreement.

IN WITNESS WHEREOF, the parties have executed and entered into this Operating Agreement of the Liquidating Trust as of the day set forth.

| **Nancy Jean Serwin** | **Tailwind Services LLC** |
|---|---|
| ____________________________ | ____________________________ |
| Debtor | Gregg Szilagyi |

**EXHIBIT A**

**PLAN**

# EXHIBIT B

## ORDER CONFIRMING PLAN

## EXHIBIT C

## LIQUIDATING TRUSTEE COMPENSATION SCHEDULE

Below are the current rates for Tailwind Services LLC and the people expected to work on this account:

[NAMES AND RATES]

This fee schedule is for 2010 and might change in January 2011 and thereafter. The categories of people might change and people might be added or removed as necessary.

CHI99 5195781-1.080762.0011