IN THE UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-28743 |
| Nancy Jean Serwin, ) | Judge Bruce W. Black |
| ) | Chapter 11 |
| debtor/debtor-in-possession. ) | |

## NOTICE OF MOTION

TO:   SEE ATTACHED SERVICE LIST

   PLEASE TAKE NOTICE that on the 3rd day of June, 2010, at the hour of 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Bruce W. Black, Bankruptcy Judge, In Room 615 of the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Bankruptcy Judge who may be presiding in his place and stead, and shall present the **Final Motion of the Law Firm of Crane, Heyman, Simon, Welch & Clar as Debtor's Counsel for Allowance and Payment of Final Compensation and Reimbursement of Expenses**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith. At said time and place you may appear if you so see fit.

/s/Scott R. Clar

## CERTIFICATE OF SERVICE

   The undersigned, being first duly sworn on oath deposes and states that she caused a copy of the foregoing Notice and attached Motion to be served on all parties listed on the attached Service List via U.S. First Class Mail properly addressed and postage prepaid to all parties on the attached Service List from 135 S. LaSalle Street, Chicago, Illinois 60603 before the hour of 5:00 p.m., on the 13th day of May, 2010.

/s/Scott R. Clar

## SERVICE LIST

Denise A. DeLaurent
United States Trustee's Office
219 S. Dearborn St., Ste. 873
Chicago, IL 60604

Peggy A. Halfman
McDermott Will & Emery LLP
227 W. Monroe St.
Chicago, IL 60606-5096

John P. Adams
Chuhak & Tecson PC
30 S. Wacker Dr., 26th Fl.
Chicago, IL 60606

Mitchell S. Feinberg
Chuhak & Tecson PC
30 S. Wacker Dr., 26th Fl.
Chicago, IL 60606

Nathan F. Coco
McDermott Will & Emery LLP
227 W. Monroe St., #5400
Chicago, IL 60606

Scott Kummer
Boyd & Kummer LLC
20 S. Clark St., #500
Chicago, IL 60603-5577

Associated Bank
PO Box 3119 Downer Ave.
Milwaukee, WI 53201

Bank of America World Points
Bank of America
P.O. Box 15019
Wilmington, DE 19850-5019

Don W. Barnes
6360 N. Cass Ave.
Westmont, IL 60559

First National Bank Visa
First National Bank of Omaha
P.O. Box 8580
Omaha, NE 68108

Kohl's Dept. Store
P.O. Box 2983
Milwaukee, WI 53201-2983

La Fevere Roofing Contractors
W329S294 Country Road Centre
Delafield, WI 53018

Mercedes Aguilar,
Calle Robalo #46
Manzana 9, Lote 23
Municipio Benito Juarez
Cancun, Q. Roo MX    77500

Michael Joseph
1107 Muir Ave.
Lake Bluff, IL 60044

Nancy Borkowicz
26817 N. 152nd St.
Scottsdale, AZ 85255

Robert Anderson, Jr.
P.O. Box 251
Babbitt, MN 55706

Scott Blum
Chris Bach
2266 Prospect Avenue
Milwaukee, WI

US Bank Visa
US Bank Corp Service Center, Inc.
P.O. Box 6318
Fargo, ND 58125-6318

Chase Bank USA, N.A.
c/o Creditors Bankruptcy Service
PO Box 740933
Dallas, TX 75374-0933

Citicard (Mastercard)
PO Box 6500
Sioux Falls, SD 57117-6500

FIA Card Services, N.A.
Attn: Mr. BK
1000 Samoset Dr.
DE5-023-03-03
Newark, DE 19713-6000

First National Bank of Omaha
1620 Dodge St., Stop Code 3105
Omaha, NE 68197-0002

Nancy Serwin
2556 North Terrace Ave.
Milwaukee, WI 53211-3820

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
 )  Case No. 08-28743
Nancy Jean Serwin, )  Judge Bruce W. Black
 )  Chapter 11
　　　debtor/debtor-in-possession. )

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant: <u>CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order
Authorizing Employment:   <u>October 24, 2008</u>

Period for Which Compensation
is Sought:   From: <u>October 8, 2008</u>   through <u>May 4, 2010</u>

Amount of Fees Sought: <u>$42,796.50</u>

Amount of Expense
Reimbursement Sought:   <u>$1,848.74</u>

This is a(n):  Interim Application ___   Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| | None | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is: $26,039.00 (retainer) to be credited against interim allowance.

Date: <u>May 12, 2010</u>       Applicant:     Scott R. Clar and the firm
                                              <u>Crane, Heyman, Simon, Welch & Clar</u>

                                              By: <u>/s/Scott R. Clar</u>
                                                   Debtor's Counsel

IN THE UNTIED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-28743 |
| Nancy Jean Serwin, ) | Judge Bruce W. Black |
| ) | Chapter 11 |
| debtor/debtor-in-possession. ) | |

**MOTION OF THE LAW FIRM OF CRANE, HEYMAN, SIMON, WELCH & CLAR AS DEBTOR'S COUNSEL, FOR ALLOWANCE AND PAYMENT OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

TO THE HONORABLE BRUCE W. BLACK, BANKRUPTCY JUDGE

NOW COMES Scott R. Clar and the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"), counsel for Nancy Jean Serwin, debtor/debtor-in-possession ("Debtor"), and for its Motion pursuant to Sections 327 and 331 of the Bankruptcy Code for Allowance and Payment of Final Compensation and Reimbursement of Expenses, respectfully states as follows:

### INTRODUCTION

1.  On October 24, 2008, this court entered an Order for Relief in the above-captioned matter pursuant to a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, whereby the Debtor was deemed a debtor-in-possession as defined in Section 1101 of the Bankruptcy Code (the"Petition Date").

2.  Since the Petition Date, the Debtor has been managing her financial affairs as a debtor-in-possession.

3.  No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtor's Chapter 11 case.

4.  The Debtor is an individual who resides at 2556 North Terrace Avenue, Milwaukee, Wisconsin 53211.

5.  On November 23, 2009, this Court entered an Order confirming the Debtor's First Amended Plan of Reorganization.

6.  By this Motion, CHSWC requests an allowance of final compensation and reimbursement of expenses in the amounts of $42,796.50 and $1,848.74, respectively, for services rendered during the period commencing October 8, 2008, through and including May 4, 2010, and a direction to the Debtor to pay fees in excess of the Retainer.

7.  CHSWC received a $26,039 retainer prior to the filing of the Debtor's Chapter 11 case (the "Retainer").

## CHSWC BIOGRAPHICAL INFORMATION

8.  CHSWC is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, insolvency and commercial matters. The firm is comprised of six (6) members, all of whom have significant experience and expertise in the law firm's area of concentration. The following is certain biographical information pertaining to Scott R. Clar, the member of the law firm who has rendered the majority of the services in the Debtor's Chapter 11 case.

## SCOTT R. CLAR

Scott R. Clar is a member of the law firm of Crane, Heyman, Simon, Welch & Clar, and has been a practicing attorney in the State of Illinois since 1982. He has been primarily responsible for the representation of the Debtor in this case. From January, 1985, through September, 1986, he was employed as a staff attorney with the United States Trustee's Office in the Northern District of Illinois, where he administered over 200 Chapter 11 cases, as well as supervised Chapter 7 panel trustees. From September, 1986, through December, 1987, he was employed by the law firm of Adelman & Gettleman, Ltd., where he continued to practice in the areas of bankruptcy and insolvency related matters. In January 1988, he became associated with Dannen, Crane, Heyman & Simon, predecessor to CHSWC, and became a partner in 1994. His practice is concentrated in the field of bankruptcy, having represented Chapter 7 and Chapter 11 debtors, trustees, unsecured creditors' committees and various creditors. Mr. Clar has been a panel member and a moderator for several bar association-sponsored bankruptcy seminars. He is a member of the Federal Trial Bar. He is a former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization.

9. The hourly rates charged by CHSWC for legal services rendered in this bankruptcy case are as follows:

| Attorney | 2009 Rate | 2010 Rate |
| --- | --- | --- |
| Scott R. Clar | $425.00 | $435.00 |
| Jeffrey C. Dan | $300.00 | $350.00 |

These hourly rates are the customary and usual rates which CHSWC charges clients on matters of this nature.

-3-

10. The total time expended by CHSWC attorneys in connection with this Chapter 11 case during the period commencing October 20, 2008 through and including May 4, 2010 is hours as follows:

| Attorney | Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 99.9 | $41,914.50 |
| Arthur G. Simon ("AGS") | 1.2 | 510.00 |
| Eugene Crane ("EC") | 0.8 | 372.00 |

## LEGAL SERVICES RENDERED

11. The legal services rendered by CHSWC, as more fully described in Exhibits A through F, have been divided into the following categories:

### A.  GENERAL ADMINISTRATION

The legal services rendered in this category include the preparation of motions with respect to administration of the case, including employment motions, motion to employ real estate brokers, preparation of bankruptcy schedules and statement of financial affairs, attendance of meetings of utility and payroll motions and appearances at the United States Trustee's Office, fielding creditors phone calls, and other administrative matters.

Total Time Expended:                                                                   29.0 hours

| Attorney | 2008 Hours | 2009 Hours | 2010 Hours | Amount |
|---|---|---|---|---|
| SCR | 23.0 | 3.1 | 2.9 | $11,894.00 |
|  | | **Total:** | **29.0** | **$11,894.00** |

Attached to this Motion as **Exhibit "A"** is an itemization of the legal services rendered in this category[1]

---

[1] Pursuant to Local Rule 5082-1, during the relevant time period CHSWC expended 2.5 hours of time, representing a fee of $1,087.50 in the preparation of this

-4-

B. **MATTERS CONCERNING LITIGATION WITH OTHER BENEFICIARIES**

The legal services rendered in this category relate to matters involving Robert Anderson, Jr., Michael Joseph and Nancy Borkowicz, the other beneficiaries of the estate of Carol I. Jeannie whose actions forced the filing of the Debtor's Chapter 11 case, but who ultimately consented to and voted in favor of the Debtor's Plan of Reorganization.

Total Time Expended:                                9.0 hours

| Attorney | 2008 Hours | 2009 Hours | 2010 Hours | Amount |
|---|---|---|---|---|
| SRC | 5.5 | 3.5 | | $3,715.00 |
| | | **Total: 9.0** | | **$3,715.00** |

Attached to this Motion as **Exhibit "B"** is an itemization of the legal services rendered in this category.

C. **MATTERS CONCERNING SALE OF THE MEXICAN PROPERTIES**

The legal services rendered in this category are services employing real estate brokers and numerous telephone conferences and court appearances in connection therewith.

Total Time Expended:                                5.0 hours

| Attorney | 2008 Hours | 2009 Hours | 2010 Hours | Amount |
|---|---|---|---|---|
| SRC | 2.4 | 1.4 | | $1,567.00 |
| AGS | | 1.2 | | $ 510.00 |
| | | **Total: 5.00** | | **$2,077.00** |

Attached to this Motion as **Exhibit "C"** is an itemization of the legal services rendered in this category.

---

Motion, which fee is included in this category.

-5-

### D. **OBJECTION TO THE CLAIM OF DON BARNES**

The legal services rendered in this category relate to CHSWC incurred fees in connection with objecting to the claim of Don Barnes, the Debtor's former financial advisor and her role as trustee of the estate of the Carol I. Jeannie Trust. The Debtor believes that Mr. Barnes did not properly discharge his duties as financial advisor, and that Mr. Barnes actions ultimately resulted in the Debtor needing to file this Chapter 11 case in order to avoid extremely unfavorable results.

Total Time Expended:                                           10.3 hours

| Attorney | 2008 Hours | 2009 Hours | 2010 Hours | Amount |
|---|---|---|---|---|
| SRC | .2 | 10.1 | | $4,373.50 |
| | | **Total:** **10.3** | | **$4,373.50** |

Attached to this Motion as **Exhibit "D"** is an itemization of the legal services rendered in this category.

### E. **PLAN AND DISCLOSURE STATEMENT**

The legal services rendered in this category relate to CHSWC drafted a Plan, Disclosure Statement, First Amended Plan, and First Amended Disclosure Statement, negotiated the Plan and Disclosure Statement with the attorney for the other three beneficiaries, attended hearings regarding adequacy of Disclosure Statement and confirmation of the Plan, prepared a ballot package and fielded creditors calls with respect to the Plan of Reorganization.

Total Time Expended:                                           48.6 hours

| Attorney | 2008 Hours | 2009 Hours | 2010 Hours | Amount |
|---|---|---|---|---|
| SRC | .4 | 41.6 | 5.8 | $20,365.00 |
| EC | | .8 | | $   372.00 |
| | | **Total:** | **48.6** | **$20,737.00** |

Attached to this Motion as **Exhibit "E"** is an itemization of legal services rendered in this category.

## EXPENSES INCURRED

12. During the course of the representation of the Debtor, CHSWC has incurred necessary expenses for which reimbursement is sought. The total amount of these expenses for the period commencing October 8, 2008 through and including May 4, 2010 is $1,848.74 . Attached to this motion as **Exhibit "F"** is an itemization of the expenses incurred.

## CONCLUSION

12. Other than as provided in Section 504(b) of the Bankruptcy Code, CHSWC has not shared, or agreed to share, any compensation received as a result of this case with any person, firm or entity. No promises concerning compensation have been made to CHSWC by any person, firm or entity.

13. CHSWC asserts that the final compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered, based upon the time, nature, extent and value of such legal services. CHSWC further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

14. CHSWC asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor in this Chapter 11 case.

WHEREFORE, for the foregoing reasons, Scott R. Clar, and the law firm of Crane, Heyman, Simon, Welch & Clar, counsel for the Debtor, prays for the entry of an order pursuant to Section 331 of the Bankruptcy Code, as follows:

a)  Allowing final compensation and reimbursement of expenses to CHSWC in the amounts of $42,796.50 and $1,848.74, respectively for services provided from the period commencing October 8, 2008 through and including May 4, 2010;

b)   Authorizing and directing payment by the Debtor to CHSWC of the sum of $44,645.24, less the sum of $26,039.00 received as a pre-petition retainer by CHSWC; and

c)  Granting such other relief as may be just and equitable.

            CRANE, HEYMAN, SIMON, WELCH & CLAR


            By: /s/Scott R. Clar
            One of its attorneys

**Attorneys for Debtor/Debtor-in-Possession**
Scott R. Clar, Esq.
(Atty. Reg. #06183741)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114
wpd\MJO2\Nancy Serwin\final fee.MOT.wpd